**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re:

ANTHONY D. MCDONALD and
MARY B. MCDONALD,

      Debtors.

_____/


ANTHONY D. MCDONALD and               CASE NO: 8:11-mc-61-RAL
MARY B. MCDONALD,

      Plaintiffs,

v.

GMAC MORTGAGE, LLC and
LAW OFFICES OF DAVID J. STERN, P.A.,

      Defendants.

_____/

**O R D E R**

      Before the Court is Defendant Law Offices of David J. Stern, P.A.'s Motion to

Withdraw the Reference to Bankruptcy Court.[1]  (Dkt. 1).  After careful consideration of

the motion to withdraw and the applicable law, the Court concludes that the motion

should be denied without prejudice.

---

      [1]  Defendant's counsel certifies in the motion that Plaintiff objects to the relief
sought.  Although the Court will deny the relief requested, the Court notes that Plaintiff's
counsel has failed to favor this Court with a response and the time for doing so has
expired.  See Local Rule 3.01(b).

Defendant argues three positions: (1) the bankruptcy court does not have subject matter jurisdiction; (2) as a non-core proceeding, Defendant does not consent to a trial by jury so that the reference should be withdrawn; and (3) the reference should be withdrawn for "cause" under 28 U. S. C. § 157(d).  For the following reasons, this Court refrains from withdrawing the reference.

In support of the first position, Defendant posits that 28 U.S.C. § 157(b)(5) mandates that bankruptcy courts do not have jurisdiction over personal injury tort and wrongful death cases, such as this one.[2]  The operative Third Amended Complaint contains a jury demand by Plaintiff, but Defendant does not consent to trial by jury on these non-core claims.  Contrary to Defendant's assertions, however, the provisions of § 157(b)(5) are not jurisdictional "in the sense that they deprive [the bankruptcy court] of the power to hear the matter."  Adelson v. Smith (In re Smith), 389 B.R. 902, 906 (Bankr. D.Nev. 2008).  "Section 157 does not give or take away jurisdiction to hear non-core matters."  Smith, 389 B.R. at 909.

---

[2]   Defendant GMAC Mortgage, LLC (GMAC) initially sued Anthony and Mary McDonald, husband and wife, to foreclose the mortgage it held.  GMAC hired Defendant Law Offices of David J. Stern, P.A. to prosecute the foreclosure.  The McDonalds then filed for bankruptcy protection under Chapter 13 of the Bankruptcy Code.  This adversary proceedings was filed thereafter, and five months later Mr. McDonald passed away.  The operative complaint is the Third Amended Complaint which contains  statutory causes of action for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (FDCPA); Florida Consumer Collection Practices Act, section 559.72, Florida Statutes (FCCPA); and Florida's Deceptive and Unfair Trade Practices Act, sections 501.201-213, Florida Statutes (FDUPTA).  The Third Amended Complaint also contains counts for fraudulent misrepresentation, intentional infliction of emotional distress, and recovery under Florida's Wrongful Death Act, sections 768.16-26, Florida Statutes.  Plaintiff filed a demand for jury trial.

Section 157(b)(5) provides as follows:

> The district court shall order that personal injury tort and
> wrongful death claims shall be tried in the district court in
> which the bankruptcy case is pending, or in the district court
> in the district in which the claim arose, as determined by the
> district court in which the bankruptcy case arose.

Reviewing the specific wording of this statute, the bankruptcy court in <u>Smith</u> noted that the language does not restrict jurisdiction because it does not state that personal injury or wrongful death cases "should be heard exclusively by the district court."  <u>Smith</u>, 389 B.R. at 911.  The court reasoned that the wording of the statute is compatible with the system of referring matters to bankruptcy courts and then withdrawing the reference should the district court so order.  <u>Id</u>.  This Court agrees with the reasoning of <u>Smith</u> that § 157(b)(5) does not dictate the existence of subject matter jurisdiction, but rather serves to allocate jurisdiction already conferred.  Hence, § 157(b)(5) does not act to divest the bankruptcy courts of jurisdiction to consider matters in personal injury and wrongful death cases.

Defendant's second argument, that its refusal to consent to a jury trial of non-core claims requires withdrawal of the reference, does not require immediate withdrawal.  Although a Seventh Amendment right to a jury trial exists, there is no mandate that the bankruptcy court immediately relinquish its subject matter jurisdiction that it retains over non-core matters.  <u>See In re Healthcentral.com</u>, 504 F.3d 775, 786-87 (9th Cir. 2007) (collecting cases).[3]  The bankruptcy court may continue to entertain pre-trial matters, including ruling on dispositive motions.  <u>In re Healthcentral.com</u>, 504 F.3d at 787.  Based

---

[3]  <u>See also Gulfmark Offshore, Inc. v. Bender Shipbuilding & Repair Co., Inc.</u>, 2009 WL 3756708, at *3 (S.D. Ala. Nov. 9, 2009).

on this authority, the Court finds that Defendant has not provided a compelling reason for this Court to withdraw the reference at this juncture of the proceedings.

Defendant's contention that the reference must be withdrawn for "cause" pursuant to 28 U.S.C. § 157(d) is also unpersuasive.  Of all the factors set forth in In re Simmons, 200 F.3d 738, 741 (11ᵗʰ Cir. 2000), and the additional factors collected in In re Hvide Marine, Inc., 248 B.R. 841 (M.D. Fla. 2000), this particular case involves non-core claims and a demand for jury trial, which was made by the Plaintiff.  Contrary to Defendant's arguments that the bankruptcy court's time would best be spent ruling on matters requiring the special expertise of the bankruptcy judges, the Court finds that the bankruptcy court is sufficiently skilled and aptly prepared to handle all pre-trial matters of this cause, including ruling on dispositive motions.

It is therefore **ORDERED AND ADJUDGED** that Defendant Law Offices of David J. Stern, P.A.'s Motion to Withdraw the Reference to Bankruptcy Court (Dkt. 1) is **DENIED** without prejudice to the Defendant renewing its motion at such time as the case is ripe for determination by a jury.  The Clerk is directed to close this case.

**DONE AND ORDERED** at Tampa, Florida, on June 23, 2011.


s/Richard A. Lazzara
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**


COPIES FURNISHED TO:
Counsel of Record